IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRYON GREENWELL, | § | |
| | § | No. 326, 2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 9702009113 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 5, 2020
Decided: October 12, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the notice to show cause and appellant's response thereto, it appears to the Court that:

(1)     On September 24, 2020, the Court received a notice of appeal from the Superior Court's June 30, 2020 order denying the appellant's motion for the correction of an illegal sentence.  Under Supreme Court Rule 6, a timely notice of appeal had to be filed on or before July 30, 2020.

(2)  On September 25, 2020, the Senior Clerk issued a notice directing the appellant, Bryon Greenwell, to show cause why his appeal should not be dismissed as untimely filed under Supreme Court Rule 6.  Greenwell has responded to the notice to show cause and alleges that his appeal is timely filed under the United

States Supreme Court's March 19, 2020 order extending the deadline for a filing of a petition for writ of certiorari to 150 days from the date of the lower court's order due to the COVID-19 pandemic. Greenwell is incorrect.

(3)     The United States Supreme Court order cited by Greenwell applies only to petitions for writ of certiorari filed in the United States Supreme Court. Although this Court also issued an order extending filing deadlines that expired between March 23, 2020 and June 30, 2020 due to the COVID-19 pandemic, the deadline for Greenwell to file his notice of appeal—July 30, 2020—was not affected by that order.

(4)     Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Court within the applicable time period to be effective.[2] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[3] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Greenwell does not contend, and the record does not reflect, that his failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[2] Del. Supr. Ct. R. 10(a).
[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[4] *Smith v. State*, 47 A.3d 481 (Del. 2012).

2

the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED. The motion for the appointment of counsel is moot.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice